# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**UNITED STATES OF AMERICA,**

**CASE NO. 8:24-cr-429-CEH-CPT**

v.

**PIOTR MAREK ADAMCZYK,**

   Defendant.

_____/

## DEFENDANT PIOTR MAREK ADAMCZYK'S

## PROPOSED JURY INSTRUCTIONS

Defendant, PIOTR MAREK ADAMCZYK, through undersigned counsel, and pursuant to Rule 30 of the Federal Rules of Criminal Procedure and this Court's Standing Orders, hereby files his Proposed Jury Instructions. The Defendant respectfully requests that the Court instruct the jury substantially as set forth below. The Defendant expressly reserves the right to modify, supplement, withdraw, or add additional instructions as the evidence and proceedings at trial may warrant, including but not limited to instructions concerning theory-of-defense, multiple conspiracies, accomplice or cooperator testimony, immunized witness testimony, identification, and any other matters that may become relevant.

# TABLE OF CONTENTS

**Preliminary Instructions**

P1   Criminal Cases

**Basic Instructions**

B1   Face Page – Introduction

B2.1   Duty to Follow Instructions and the Presumption of Innocence

B2.2   Duty to Follow Instructions and the Presumption of Innocence When a Defendant Does Not Testify

B3   Definition of "Reasonable Doubt"

B4   Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

B5   Credibility of Witnesses

B6.1   Impeachment of Witnesses Because of Inconsistent Statements

B6.3   Impeachment of Witnesses (Defendant with No Felony Conviction Testifies)

B7   Expert Witness

B8   Introduction to Offense Instructions

B9.1A   Knowingly; Willfully – General

B9.2   On or About a Particular Date

B10.4   Caution: Punishment (Multiple Defendants, Multiple Counts)

B11   Duty to Deliberate

B12   Verdict

**Special Instructions**

S6   Possession

S7   Aiding and Abetting (18 U.S.C. § 2)

**Offense Instructions**

O13.1   General Conspiracy Charge (18 U.S.C. § 371)

O117.1   Controlled Substances: Possession on Vessel of the United States or Subject to the Jurisdiction of the United States (46 U.S.C. § 70503(a))

**Special Verdict Form for Defendant Piotr Marek Adamczyk**

**P1**

**Preliminary Instructions – Criminal Cases**

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial, I will give you more detailed instructions.

***Duty of jury:***

It will be your duty to decide what happened so you can determine whether the Defendant is guilty or not guilty of the crimes charged in the indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

***What is evidence:***

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind and should give every piece of evidence whatever weight you think it deserves.

***What is not evidence:***

Certain things are not evidence and must not be considered. I will list them for you now:

• Statements and arguments of the lawyers. In their opening statements and closing arguments, the lawyers will discuss the case, but their remarks are not evidence;

• Questions and objections of the lawyers. The lawyers' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because a lawyer's question suggests that it is.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, then the question may be answered or the exhibit received. If I sustain the objection, then the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider that evidence. Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

***Rules for criminal cases:***

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the Defendant is presumed innocent until proven guilty. The indictment against the Defendant brought by the Government is only an accusation, nothing more. It is not proof of guilt or anything else. The Defendant therefore starts out with a clean slate.

Second, the burden of proof is on the Government until the very end of the case. The Defendant has no burden to prove his innocence or to present any evidence, or to

testify. Since the Defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a Defendant's choice not to testify. It is not evidence.

Third, the Government must prove the Defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that the level of proof required is high.

***Separate consideration for each Defendant:***

Although the Defendants are being tried together, you must give separate consideration to each Defendant. In doing so, you must determine which evidence in the case applies to a particular Defendant and disregard any evidence admitted solely against some other Defendant. The fact that you may find one of the Defendants guilty or not guilty should not control your verdict as to any other Defendant.

*Source: Eleventh Circuit Pattern Jury Instructions (Criminal Cases) P1 (2024).*

**B1**

**Face Page – Introduction**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**TAMPA DIVISION**

UNITED STATES OF AMERICA

**CASE NO. 8:24-cr-429-CEH-CPT**

v.

SLAWOMIR WINIEWSKI,

WIESLAW ROBERT RUTA, and

PIOTR MAREK ADAMCZYK

**COURT'S INSTRUCTIONS**

**TO THE JURY**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

*Source: Eleventh Circuit Pattern Jury Instructions (Criminal Cases) B1 (2024).*

**B2.1**

**The Duty to Follow Instructions and the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

*Source: Eleventh Circuit Pattern Jury Instructions (Criminal Cases) B2.1 (2024); In re Winship, 397 U.S. 358 (1970).*

**B2.2**

**The Duty to Follow Instructions and the Presumption of Innocence – When a Defendant Does Not Testify**

*[To be given in the event Mr. Adamczyk does not testify.]*

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A defendant does not have to testify, and you cannot consider in any way the fact that the Defendant did not testify. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

*Source: Eleventh Circuit Pattern Jury Instructions (Criminal Cases) B2.2 (2024); United States v. Teague, 953 F.2d 1525, 1539 (11th Cir. 1992) (en banc).*

## B3
## Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

*Source: Eleventh Circuit Pattern Jury Instructions (Criminal Cases) B3 (2024); United States v. Daniels, 986 F.2d 451 (11th Cir. 1993); Victor v. Nebraska, 511 U.S. 1 (1994).*

**B4**

## Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

*Source: Eleventh Circuit Pattern Jury Instructions (Criminal Cases) B4 (2024).*

## B5
## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

• Did the witness impress you as one who was telling the truth?

• Did the witness have any particular reason not to tell the truth?

• Did the witness have a personal interest in the outcome of the case?

• Did the witness seem to have a good memory?

• Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

• Did the witness appear to understand the questions clearly and answer them directly?

• Did the witness's testimony differ from other testimony or other evidence?

*Source: Eleventh Circuit Pattern Jury Instructions (Criminal Cases) B5 (2024).*

## B6.1

## Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

*Source: Eleventh Circuit Pattern Jury Instructions (Criminal Cases) B6.1 (2024).*

## **B6.3**

## **Impeachment of Witnesses (Defendant with No Felony Conviction Testifies)**

*[To be given in the event Mr. Adamczyk testifies.]*

When a Defendant testifies, you should decide whether to believe the Defendant's testimony in the same way you decide whether to believe other witnesses' testimony.

*Source: Eleventh Circuit Pattern Jury Instructions (Criminal Cases) B6.3 (2024).*

## B7
## Expert Witness

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

*Source: Eleventh Circuit Pattern Jury Instructions (Criminal Cases) B7 (2024).*

## B8
## Introduction to Offense Instructions

The indictment charges two separate crimes, called "counts," against the Defendants. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

**Count One** charges that beginning on an unknown date and continuing through on or about September 20, 2024, while upon the high seas and onboard a vessel subject to the jurisdiction of the United States, the Defendants knowingly and willfully combined, conspired, and agreed with each other and other persons unknown to the Grand Jury to possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

**Count Two** charges that the Defendants committed what is called a "substantive offense." Specifically, Count Two charges that beginning on an unknown date and continuing through on or about September 20, 2024, while upon the high seas and aboard a vessel subject to the jurisdiction of the United States, the Defendants did knowingly and intentionally, while aiding and abetting each other and other persons unknown to the Grand Jury, possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).

I will explain the law governing those substantive offenses in a moment. But first note that the Defendants are not charged in Count One with committing a substantive offense – they are charged with conspiring to commit that offense. I will also give you specific instructions on conspiracy.

*Source: Eleventh Circuit Pattern Jury Instructions (Criminal Cases) B8 (2024).*

## **B9.1A**

## **Knowingly; Willfully – General**

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

*Source: Eleventh Circuit Pattern Jury Instructions (Criminal Cases) B9.1A (2024); Bryan v. United States, 524 U.S. 184 (1998).*

## B9.2

## On or About a Particular Date

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

*Source: Eleventh Circuit Pattern Jury Instructions (Criminal Cases) B9.2 (2024); United States v. Creamer, 721 F.2d 342 (11th Cir. 1983).*

## B10.4

## Caution: Punishment (Multiple Defendants, Multiple Counts)

Each count of the indictment charges a separate crime against each of the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty or not guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

*Source: Eleventh Circuit Pattern Jury Instructions (Criminal Cases) B10.4 (2024); United States v. Morales, 868 F.2d 1562 (11th Cir. 1989).*

## B11

## Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

*Source: Eleventh Circuit Pattern Jury Instructions (Criminal Cases) B11 (2024).*

## B12

## Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

*Source: Eleventh Circuit Pattern Jury Instructions (Criminal Cases) B12 (2024).*

## S6

## Possession

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. And, if a person has actual or constructive possession, he may have sole possession or joint possession.

"Actual possession" of a thing occurs if a person knowingly has direct physical control of it. "Constructive possession" of a thing occurs if a person doesn't have actual possession of it but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it. The term "possession" includes actual, constructive, sole, and joint possession.

**However, mere presence in the area where a controlled substance is found, or mere association with a person who does control the controlled substance, is insufficient to establish possession. A defendant's mere proximity to contraband, presence on property where it is located, or association with persons in possession of it, without more, is insufficient to support a finding of possession.**

*Source: Eleventh Circuit Pattern Jury Instructions (Criminal Cases) S6 (2024); United States v. Hastamorir, 881 F.2d 1551 (11th Cir. 1989); United States v. Cruz-Valdez, 773 F.2d 1541, 1546 (11th Cir. 1985) (en banc); United States v. Pantoja-Soto, 739 F.2d 1520, 1525 (11th Cir. 1984) ("mere presence" insufficient).*

## S7
## Aiding and Abetting (Agency) – 18 U.S.C. § 2

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible for what other persons do if the Defendant willfully directs or authorizes their acts.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

**In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator. Mere presence at the scene of a crime, even with knowledge that a crime is being committed, is not sufficient to establish that the Defendant either directed or aided and abetted the crime. Likewise, mere association with persons involved in a criminal enterprise is insufficient to prove participation in the criminal enterprise.**

*Source: Eleventh Circuit Pattern Jury Instructions (Criminal Cases) S7 (2024); Rosemond v. United States, 572 U.S. 65 (2014); United States v. Pantoja-Soto, 739 F.2d 1520 (11th Cir. 1984); United States v. Cruz-Valdez, 773 F.2d 1541 (11th Cir. 1985) (en banc).*

## O13.1

## General Conspiracy Charge – 18 U.S.C. § 371 (Count One)

It's a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3) during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

(4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

**But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator. Mere knowledge of the existence of a conspiracy, without participation in it, is insufficient to convict. The Government must prove that the Defendant knowingly and voluntarily entered into the conspiracy with the intent to further its illegal purpose.**

*Source: Eleventh Circuit Pattern Jury Instructions (Criminal Cases) O13.1 (2024); United States v. Toler, 144 F.3d 1423, 1426 (11th Cir. 1998); United States v. Garcia, 405 F.3d 1260, 1269–70 (11th Cir. 2005); United States v. Iriarte-Ortega, 113 F.3d 1022 (9th Cir. 1997); United States v. Horton, 646 F.2d 181 (5th Cir. 1981).*

## O117.1

## Controlled Substances – Possession on Vessel of the United States or Subject to the Jurisdiction of the United States – 46 U.S.C. § 70503(a) (Count Two)

It's a Federal crime for anyone on board a vessel subject to the jurisdiction of the United States to knowingly possess a controlled substance with intent to distribute it.

Cocaine is a controlled substance within the meaning of the law.

The Defendant can be found guilty of this crime only if each of the following facts is proved beyond a reasonable doubt:

(1) the Defendant was on board a vessel subject to the jurisdiction of the United States;

(2) the Defendant knowingly possessed a controlled substance; and

(3) the Defendant intended to distribute the controlled substance.

I instruct you as a matter of law that the vessel involved in this case is subject to the jurisdiction of the United States.

To "possess with intent to distribute" means to knowingly have something while intending to deliver or transfer it to someone else, even with no financial interest in the transaction.

**Mere presence on a vessel where contraband is found, by itself, is not sufficient to establish that the Defendant knowingly possessed the controlled substance or intended to distribute it. The Government must prove the Defendant's knowing possession and specific intent to distribute beyond a reasonable doubt.**

The Defendant is charged with possessing with intent to distribute at least 5 kilograms of cocaine. But you may find the Defendant guilty of the crime even if the

amount of the controlled substance for which he should be held responsible is less than 5 kilograms. So if you find the Defendant guilty, you must also find whether the Government has proved beyond a reasonable doubt the weight of cocaine the Defendant possessed and specify the amount on the verdict form.

*Source: Eleventh Circuit Pattern Jury Instructions (Criminal Cases) O117.1 (2024); 46 U.S.C. § 70503(a); 21 U.S.C. § 960(b); Apprendi v. New Jersey, 530 U.S. 466 (2000); Alleyne v. United States, 570 U.S. 99 (2013); United States v. Cruz-Valdez, 773 F.2d 1541 (11th Cir. 1985) (en banc); United States v. Tinoco, 304 F.3d 1088 (11th Cir. 2002).*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA,**

                              **CASE NO. 8:24-cr-429-CEH-CPT**

v.

**PIOTR MAREK ADAMCZYK,**

    Defendant.

_____/

## DEFENDANT PIOTR MAREK ADAMCZYK'S

## PROPOSED SPECIAL VERDICT FORM

### COUNT ONE – The Conspiracy Count

1. We, the Jury, find the Defendant PIOTR MAREK ADAMCZYK

_____ (not guilty / guilty) as charged in Count One (the Conspiracy Count) of the Indictment.

*[Note: If you find the Defendant not guilty as charged in Count One, you need not consider paragraph 2 below.]*

2. We, the Jury, having found the Defendant guilty of the offense charged in Count One, further find with respect to that Count that he conspired to possess with intent to distribute the following controlled substance in the amount shown (place an X in the appropriate box):

(a) Cocaine –
(i) Weighing 5 kilograms or more  ☐
(ii) Weighing less than 5 kilograms  ☐

## COUNT TWO – The Substantive Count

3. We, the Jury, find the Defendant PIOTR MAREK ADAMCZYK

_____ (not guilty / guilty) as charged in Count Two (the Substantive Count) of the Indictment.

*[Note: If you find the Defendant not guilty as charged in Count Two, you need not consider paragraph 4 below.]*

4. We, the Jury, having found the Defendant guilty of the offense charged in Count Two, further find with respect to that Count that he possessed with intent to distribute the following controlled substance in the amount shown (place an X in the appropriate box):

(a) Cocaine –

(i) Weighing 5 kilograms or more  ☐

(ii) Weighing less than 5 kilograms  ☐

## SO SAY WE ALL.

Date: _____          _____

Foreperson

Respectfully submitted,

OMAR ABDELGHANY
550 N Reo St., Suite 300
Tampa, FL 33609
Telephone: (813) 461-5291
attorney@tampa-criminal-attorney.com

*Omar Abdelghany*
Omar Abdelghany
Fla. Bar No. 105682

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send a notice of the electronic filing to all parties of record, on this 3rd day of May 2026.

*Omar Abdelghany*
Omar Abdelghany
Fla. Bar No. 105682